IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

August 11, 2026

LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

FARZAD ABRARAHADI,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )      Civil Action No. 7:25-cv-00515
                                  )
U.S. DEPARTMENT OF STATE, *et al.*, )     By:  Elizabeth K. Dillon
                                  )           Chief United States District Judge
        Defendants.               )

**MEMORANDUM OPINION**

Farzad Abrarahadi, proceeding pro se, brought this suit for an order or writ to compel

defendants to adjudicate the immigrant visa applications of his wife and daughter, which had

been in administrative processing at the U.S. Embassy in Ankara, Turkey.  (Dkt. No. 1.)

Defendants moved to dismiss.  (Dkt. Nos. 16, 17, 20, 21, 24.)  While their motion was pending,

Abrarahadi informed the court that the Embassy had refused the visas.  (Dkt. No. 25.)  The court

ordered supplemental briefing, which is now ripe.  (Dkt. Nos. 26–29.)

Abrarahadi sued to have his wife's and daughter's applications adjudicated.  Now, they

have been.  And the doctrine of consular nonreviewability prevents the court from examining

their refusals.  Therefore, this case is moot, and the court must dismiss it for want of jurisdiction.

I.  BACKGROUND

Abrarahadi's complaint and the documents it incorporates tell the following story.  (Dkt.

Nos. 1, 1-1, 1-2.)  Abrarahadi, a U.S. citizen of Iranian extraction who practices the Bahá'í Faith

and resides in Roanoke, Virginia, petitioned for his Iranian wife and daughter to receive

immediate-relative (IR1 and IR2) immigrant visas.  They were interviewed at the U.S. Embassy

in Ankara.  The consular officer refused their applications, put their cases into administrative

processing, and instructed them to submit a certificate, passport, and supplemental questionnaire

(Form DS-5535), all of which they submitted promptly.  This language accompanied the refusal:

> A U.S. consular officer has adjudicated and refused your visa
> application.  Please follow any instructions provided by the
> consular officer.  If you were informed by the consular officer that
> your case was refused for administrative processing, your case will
> remain refused while undergoing such processing.  You will
> receive another adjudication once such processing is complete.
> Please be advised that the processing time varies and that you will
> be contacted if additional information is needed.

(Dkt. No. 1-1 at 15–16; Dkt. No. 1-2 at 13–14; *see also* Dkt. No. 1-2 at 20 (making clear that

authority for refusal was § 221(g) of the Immigration and Nationality Act (INA) (codified at 8

U.S.C. § 1201(g))).)  The family diligently sought updates from the Embassy, including through

Abrarahadi's congressional representatives, but the cases never progressed.  This delay caused

the family serious hardship.  For example,

> During this prolonged separation, my wife has experienced severe
> anxiety, emotional exhaustion, and clinical depression.  The
> uncertainty and indefinite nature of the delay have significantly
> impacted her mental and physical health.  We had planned to
> expand our family, but due to her advancing age and time-sensitive
> medical condition, we are rapidly losing the opportunity to
> conceive children.  Medical professionals have advised that further
> delays may result in irreversible consequences for her reproductive
> health.

(Dkt. No. 1 at 8.)

Abrarahadi eventually brought this suit against the U.S. Department of State, U.S.

Secretary of State, U.S. Embassy in Ankara, and Consul General at that Embassy in his or her

official capacity.  Invoking the Administrative Procedure Act (APA) and Mandamus Act, he

sought an order or writ compelling defendants to provide a written explanation or a final

adjudication of the visa applications.

2

> I am not seeking preferential treatment or a guaranteed outcome.  I simply ask this Court to recognize the unlawful and harmful nature of the delay in our case, and to compel the government to make a timely and lawful decision on the pending visa applications of my wife and daughter.

(Dkt. No. 1 at 6.)

Defendants, moving to dismiss under Rule 12(b)(1) and (6), invoked consular nonreviewability and argued that Abrarahadi plausibly alleged neither a non-discretionary duty to (re-)adjudicate the applications nor an unreasonable delay.  (Dkt. Nos. 16, 17, 20, 21, 24.)

While the motion was pending, Abrarahadi filed an emergency notice of the Iranian Ministry of Intelligence's detention of, and the U.S. Embassy's refusal of visas to, his family. (Dkt. No. 25.)  This was the language of the new refusals:

> This is to inform you that a consular officer found you ineligible for an immigrant visa under Section 212(f) of the Immigration and Nationality Act, pursuant to Presidential Proclamation 10998 "Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of The United States."  Today's decision cannot be appealed.
>
> Taking into account the provisions of the Proclamation, a National Interest Exception (NIE) will not be granted in your case.

(Dkt. No. 25-2); 8 U.S.C. § 1182(f); 90 Fed. Reg. 59,717 (Dec. 16, 2025).

In response, defendants again invoked consular nonreviewability and argued that the refusals mooted the case.  (Dkt. Nos. 27, 29.)  Abrarahadi countered that INA § 212(f) and Proclamation 10998 were not facially legitimate and bona fide bases for the refusals and were misapplied in bad faith.  (Dkt. No. 28.)  He particularly stressed that the refusals made no mention of the Proclamation's exception for religious minorities facing persecution in Iran.  90 Fed. Reg. at 59,727, § 6(b)(vi).

3

Because the refusals did not burden Abrarahadi's constitutional rights, the court may not review them, and this case must be dismissed as moot.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure Rule 12(b)(1)

A Rule 12(b)(1) motion tests the court's subject-matter jurisdiction of a claim. Showing this jurisdiction is the plaintiff's burden. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Where a defendant challenges the veracity of the plaintiff's factual allegations, the court may examine their truth. *Rich v. United States*, 811 F.3d 140, 145, 147–48 (4th Cir. 2015); *Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir. 2009). But, where a defendant "contend[s] that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper," the court must accept the allegations at face value, in the light most favorable to the plaintiff, as under Rule 12(b)(6). *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013). The court construes pro se pleadings liberally. *Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### B. Federal Rule of Civil Procedure Rule 12(b)(6)

A Rule 12(b)(6) motion tests a pleading's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007). To survive, a pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The court must construe all facts and reasonable inferences "in the light most favorable to the nonmoving party," *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023), but need not accept "unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano*

4

*v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Markets, Inc. v. J.D. Assocs.*, 213 F.3d 175, 180 (4th Cir. 2000)).  Again, the court construes pro se pleadings liberally.  *Seabrook*, 148 F.4th at 269.

### III.  ANALYSIS

"[I]f in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot."  *Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021).  "[M]ootness hinges on the type of relief sought" in an operative complaint.  *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 289 (4th Cir. 2024).

Abrarahadi's complaint only sought an order or writ to compel the adjudication of his wife's and daughter's immigrant visa applications.  (Dkt. No. 1 at 6.)  This was all the court could compel under the APA or the Mandamus Act.  5 U.S.C. § 706(1); 28 U.S.C. § 1361; *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004); *Lovo v. Miller*, 107 F.4th 199, 205–06, 216–17 (4th Cir. 2024); *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365–66 (4th Cir. 2021).  Once the visas were granted or refused, the court could "not peer behind the decisional curtain and assess the wisdom of the consular determination."  *Sesay v. United States*, 984 F.3d 312, 316 (4th Cir. 2021); *see Dep't of State v. Muñoz*, 602 U.S. 899, 907–08 (2024).

While this case was proceeding, the U.S. Embassy—the record shows, and the parties agree—refused the visas for which Abrarahadi's wife and daughter applied.  (Dkt. No. 25-2.)  This adjudication was all the court could award Abrarahadi, so the case is now moot.  *See Nagi v. Rubio*, No. 1:25-cv-02453, 2026 WL 1831327, at *4 (S.D.N.Y. June 25, 2026) ("[C]ourts across the country have concluded that visa-application denials based on the exact same Presidential Proclamation render similar delayed-adjudication claims moot."); *cf. Lashkari v.*

5

*Rubio*, No. 4:25-cv-10278, 2026 WL 1625373, at *4 (N.D. Cal. June 5, 2026) (inviting briefing on mootness).

Abrarahadi urges the court to consider whether the refusals were "complete and lawful," but the doctrine of consular nonreviewability prevents the court from doing so. *See Al-Shakliah v. Rubio*, No. 1:25-cv-03870, 2026 WL 1283663, at *6 (D.D.C. May 11, 2026); *Thein v. Trump*, No. 1:25-cv-02369, 2025 WL 2418402, at *7 (D.D.C. Aug. 21, 2025), *appeal dismissed*, No. 25-5338, 2026 WL 795261 (D.C. Cir. Feb. 17, 2026); *cf. Lashkari*, 2026 WL 1625373, at *3 (collecting INA § 212(f) nonreviewability cases without deciding issue). Under an exception to the doctrine, the court might review the refusals if they were to burden Abrarahadi's constitutional rights as a U.S. citizen. *See Muñoz*, 602 U.S. at 908; *Al-Shakliah*, 2026 WL 1283663, at *7. But Abrarahadi "does not have a fundamental liberty interest in h[is] noncitizen spouse being admitted to the country." *Muñoz*, 602 U.S. at 909 (going on to cast doubt on the existence of any "procedural due process right in *someone else's* legal proceeding"). Nor does he show such an interest, "objectively, deeply rooted in this Nation's history and tradition," *id.* at 910 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21(1997)), in the admission of his daughter, a high-school graduate looking to start college (Dkt. No. 1 at 8). *See Chheng v. U.S. Dep't of Homeland Sec.*, No. 21-17040, 2023 WL 5665763, at *1 (9th Cir. Sept. 1, 2023) (unpublished opinion) (holding father lacked fundamental interest in adult son's visa application); *cf. Ritchie v. Rubio*, No. 1:25-cv-01278, 2025 WL 3653498, at *2 (D.D.C. Dec. 17, 2025) (citing *Butera v. D.C.*, 235 F.3d 637, 656 (D.C. Cir. 2001) (holding mother lacked fundamental interest in "companionship of a child who is past minority and independent" under 42 U.S.C. § 1983)) (holding adult son lacked fundamental interest in father's visa application). Accordingly, the court may not review whether INA § 212(f) and Proclamation 10998 were

facially legitimate and bona fide grounds for the refusals or were misapplied in bad faith. *Cf.*

*Al-Shakliah*, 2026 WL 1283663, at *1–2, *12–13 (discussing line of cases holding INA § 212(f)

proclamation cannot authorize visa refusal).

Because the court could not compel more than the U.S. Embassy has done, and because

the doctrine of consular nonreviewability does not condone scrutiny of its determination, this

case is moot and must be dismissed for want of jurisdiction. The court appreciates defendants'

note "that if an applicant wishes to present additional information to attempt to overcome a

refusal of an immigrant visa application, including information that may be relevant to an

exception under section 6(b) of Presidential Proclamation 10998, he can do so consistent with 22

C.F.R. § 42.81(e)." (Dkt. No. 29 at 1 n.1.) The court will not foreclose the possibility that this

or another statute or regulation might give rise to a future claim of Abrarahadi's, so this

dismissal will be without prejudice.

IV. CONCLUSION

The refusals of visas to Abrarahadi's wife and daughter mooted this case, so the court

must dismiss it without prejudice for want of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A

consistent order will be issued.

Entered: August 11, 2026.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

7
